## E. H. HOFFEDITZ v. MAIDENCREEK IRON CO.

APPEAL BY H. Y. KAUFMAN ET AL. FROM THE COURT OF COMMON PLEAS OF BERKS COUNTY.

Argued March 2, 1891—Decided March 23, 1891.

(a) Claimants, on distribution of the assets of an iron company in the hands of a receiver, had loaned their accommodation notes to the company, taking a mortgage for the amount of the notes as collateral security. They had not been obliged to pay the notes, or any part thereof:

1. The auditor finding that evidence submitted to establish a contract for compensation to the claimants for such loan of their credit was insufficient, and his finding thereon being approved by the court, the decree was affirmed and the appeal therefrom dismissed.

Statement of Facts.

Before Paxson, C. J., Sterrett, Green, Clark and Williams, JJ.

No. 375 January Term 1890, Sup. Ct.; court below, No. 424 Equity Docket, C. P.

On April 28, 1888, the account of H. Y. Kaufman, receiver of the Maidencreek Iron Co., was presented, and exceptions being filed thereto, *Mr. Daniel E. Schroeder* was appointed auditor to hear and determine the same, and to make distribution of the balance shown by the account.

The auditor, on February 23, 1889, filed a report in part as follows:

George F. Hagenman, attorney for Solomon Close and H. Y. Kaufman, presented a claim for $3,500, or a charge of one half of one per cent on the amount of $700,000, as due them for work and labor, care and diligence, done and performed, etc., by them, in and about the business of the Maidencreek Iron Co., and for divers promissory notes, etc., used and applied in and about the business of said company, such as loaning their negotiable note and notes signed by them, payable to the order of said company, and by said company used in and about the business of said company during seven years past. The claim as presented is appended to this report. It appears to be a claim without precedent, and yet may not be without merit.

It appears that, in 1880, the Maidencreek Iron Co. became financially involved through the financial embarrassment of the Reading Iron Works, whose paper they held to a large amount, some $80,000. They were obliged to raise money to carry on their business, and R. H. Reifsnyder, now deceased, and Z. H. Maurer, members of the firm, applied to Mr. Close and Mr. Kaufman, and induced them to join with Henry H. Maurer, now also deceased, in the giving of their joint promissory notes, payable to the order of the firm, for some $16,000. As collateral security, a mortgage of $16,000 was executed by the members of said company to said parties, and in pursuance thereof certain banks of Reading agreed to discount said notes, and renew the same from time to time. Messrs. Close and Kaufman both testified that a promise of compensation for this accommodation was made them. This was to continue for one

Opinion of Court below.

year only.    Afterward, it was ascertained that they could not pay off the above amount in one year, and Messrs. Close and Kaufman were obliged to continue this giving of their said notes and renewals for a period of some seven years, when the company was dissolved by the death of R. H. Reifsnyder, in April, 1887, and it was then also found to be insolvent.    The renewal of these notes was continued on until after the appointment of the receiver and after the sale of the real estate, until finally the First National Bank, holding a considerable portion of said notes, brought suit against Close and Kaufman. The matter was then adjusted by the limited partnership firm, formed after the purchase of said rolling mill, assuming the payment of said notes, then, amounting to some $15,000, and delivering a mortgage as security therefor for the payment of the total in three yearly instalments.

A number of expert witnesses, brokers, bankers, etc., were called in support of the claim. . . . .

The claim was contested by Messrs. G. B. Stevens and Jeff. Snyder on behalf of creditors.    They called Z. H. Maurer, the surviving member of the firm of the Maidencreek Iron Co., who testified that he did not recollect ever promising to pay the claimants or to compensate them for these note transactions. This claim, in its nature, appears. to be without a precedent in law.    It is an odd, if not remarkable claim, that may be meritorious and perhaps based on a sufficient legal consideration. Neither party to the contention presented any authorities in support of or against it.    After duly considering the matter, I fail to see my way clear in deciding in favor of the claim, and therefore reject it.    If the claimants believe there is any merit in their claim, they can raise the question by filing exceptions to this report.

Exceptions to the auditor's report, filed on behalf of Close and Kaufman having been argued, the court, ERMENTROUT, P. J., on February 24, 1890, filed an opinion in part as follows :

As to the claim of Close and Kaufman for allowing the Maidencreek Iron Co. the use of their names as indorsers, no aid is given the court by counsel in the way of citation of authorities.    The auditor finds that he cannot see his way clear to allow the claim, although he states the claim is novel in its

character. To recover, there should be proved clearly and satisfactorily a contract made by and between the claimants and the company. The evidence offered for this purpose is that of the claimants themselves, each, however, in support of his own claim. Objection was made to the competency of the witnesses, because two of the company were dead, the only survivor being Zacharias H. Maurer.

In the case of Brady v. Reed, 87 Pa. 111, it was held that where an action was brought against three partners, one of whom subsequently dies, and his death having been suggested, executors are substituted in his place, the plaintiff is not a competent witness as to anything which occurred during the lifetime of the deceased partner, although the latter may have personally taken no part in the contract upon which suit was brought. In Noble v. Mortimer, 4 W. N. 300, in an action against a firm, one of the members died after action was brought, and it was held the plaintiff was incompetent to prove even transactions between himself and the surviving partner. These authorities are conclusive as to the incompetence of claimants to testify in their own behalf.*

But, even if competent, the claim must fall. The surviving partner was placed upon the stand, and his testimony contradicted the claimants as to the making of the contract. The auditor, weighing the facts, has therefore decided between them, and like the verdict of a jury, his finding is conclusive upon the facts and ought not to be set aside.

Nor do we think there is sufficient evidence, even upon part of claimants, to show that, as a firm, any contract was made. The promises made were all in an individual capacity, without any combined action. The exceptions of Messrs. Close and Kaufman are dismissed, and those of Messrs. Shaeffer and Bland sustained. It is unnecessary to refer the report back for correction. The court has re-stated the report in accordance with this opinion, and thus re-stated, the report is confirmed.

And now, to wit: February 24, 1890, it is ordered, adjudged and decreed that the exceptions filed to the auditor's report by Charles H. Schaeffer and H. Willis Bland, be sustained; that the exceptions filed by Solomon Close and H. Y. Kaufman be

---

* See act of June 11, 1891, P. L. 287.

Opinion of the Court.

dismissed; that the re-statement of the auditor's report, as made by the court in accordance with the opinion of the court filed, be confirmed nisi, and that the prothonotary shall enter this decree in his equity docket as the final decree of the court in this case, nunc pro tunc.

—Thereupon, the exceptants took this appeal, specifying that the court erred:

1. "In making the following decree: That the exceptions. filed by Solomon Close and H. Y. Kaufman be dismissed; that. the re-statement of the auditor's report, as made by the court. in accordance with the opinion of the court filed, be confirmed nisi.

2. "In not sustaining the claim of Solomon Close and H. Y. Kaufman for $3,500, and decreeing payment thereof, and distributing to them a pro rata share in the re-statement of the auditor's report as made by the court."

*Mr. H. Y. Kaufman* (with him *Mr. Geo. F. Hagenman*), for the appellants.

Counsel cited: Moist's App., 74 Pa. 166; Boggs v. Curtin, 10 S. & R. 213; Schnader v. Schnader, 26 Pa. 384; Kountz v. Holthouse, 85 Pa. 237; Kelly v. Foster, 2 Binn. 4; Algeo v. Algeo, 10 S. & R. 237; Austyn v. McLure, 4 Dall. *226; 1 Com. Dig., 195, 201 (B 12); Lampleigh v. Braithwaite, Hob. 239, 240; Esp. N. P., 88; Add. on Con., Amer. ed., 19, 21, §§ 8, 9; Greeves v. McAllister, 2 Binn. 592; Williamson v. Clements, 1 Taunt. 524; Haigh v. Brooks, 10 Ad. & B. 309; Roberts v. Swift, 1 Y. 209; Jones v. Woods, 76 Pa. 408; Lord v. Ocean Bank, 20 Pa. 386; Lenheim v. Wilmarding, 55 Pa. 73; Wookey v. Pole, 4 B. & Ald. 1; Beaver Co. v. Armstrong, 44 Pa. 65, 66; Morrison v. Berkey, 7 S. & R. 246; Kidder v. Boom Co., 24 Pa. 193.

*Mr. Jefferson Snyder* (with him *Mr. G. B. Stevens* and *Mr. Baer*), for the appellees.

Counsel cited: 1 Daniel, Neg. Inst., § 189; Byles on Bills, *125; Chitty on Cont., 11 Am. ed., 745; Baker on Martin, 3 Barb. 634.

PER CURIAM:

The first assignment of error does not conform to the Rules of Court.

The second alleges that the court below erred in not sustaining the claim of appellants. As both the auditor and the court rejected this claim for what appear to be sufficient reasons, we do not think it necessary to discuss it at length. It is sufficient to say that the appellants loaned their notes to the iron company, in connection with one Henry H. Maurer, to the extent of $16,000, taking as collateral therefor a mortgage for a like amount. These notes were renewed from time to time. It does not appear that appellants have been obliged to pay them, or any portion thereof. The claim is not upon the notes, or for any moneys advanced to the company, but is for compensation for the use of their names or credit. The claim is certainly a novel one ; and, while we do not say there might not be a valid contract for compensation for the use of a man's name or his credit, the learned judge below was of opinion that appellants' claim failed upon the proofs. In this we think he was right.

The decree is affirmed and the appeal dismissed, at the costs of the appellants.

